UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRADFORD SKINNER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5873** |
| **STATE OF LOUISIANA** | **SECTION: "C"** |

**ORDER AND REASONS**

This matter comes before the Court on petition for habeas corpus under 28 U.S.C. § 2241 filed by Bradford Skinner ("Skinner"). Having reviewed the record and the law, the Court has determined that the petition should be DENIED for the following reasons.

Skinner is a pre-trial detainee awaiting trial on a charge of possession of carisoprodol with intent to distribute in Orleans Parish. On June 27, 2013, Skinner filed the first petition for habeas corpus relief under 28 U.S.C. § 2241. No. 13-4916, Rec. Doc. 3. In the petition, Skinner alleged that his arrest was illegal because the arresting officers did not have probable cause, the officers were not authorized to conduct a search, that any search exceeded the scope permitted, and that the arrest was invalid because he was not fully advised of the reason for his arrest. *Id.* at 1-8. This Court denied the petition on October 1, 2013. No. 13-4916, Rec. Doc. 13.

Skinner filed a successive petition for habeas corpus relief under 28 U.S.C. § 2241 on September 19, 2013. No. 13-5873, Rec. Doc. 3. In this petition, Skinner alleges that he was denied his right to a probable cause hearing within 48 hours of his warrantless arrest, as required under La. Code Crim. P. art. 230.2(A). *Id.* at 2-4. The State argues that the petition should not be granted because the petitioner's claims are limited by the "abuse of the writ" doctrine. No. 13-5873, Rec. Doc. 12 at 4 -7.

The abuse of writ doctrine "in general prohibits subsequent habeas consideration of claims not raised, and thus defaulted, in the first federal habeas proceeding." *McCleskey v. Zant*, 499 U.S. 467, 490 (1991). The government bears the burden of pleading abuse of the writ. *Sanders v. United States*, 373 U.S. 1, 10-11 (1963). Once the government has met this burden, "the petitioner must show that he has not abused the writ in seeking habeas relief." *McCleskey*, 499 U.S. at 477. "[A] petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *Id*. at 489. A "petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition." *Id*. at 498.

Skinner's successive petition for habeas corpus relief is an abuse of the writ. The alleged factual grounds, that he was denied a probable cause hearing within 48 hours of his warrantless arrest, were known to Skinner at the time that he filed his first habeas petition. Similarly, the legal grounds for this challenge should also have been known to Skinner when he filed his first § 2241 petition. Therefore, this § 2241 petition is an abuse of the writ.

The State also argues that the petition should not be granted because Skinner has not exhausted his state court remedies. Before seeking federal habeas relief, a pre-trial detainee seeking relief under § 2241(c)(3) must first exhaust state court remedies. *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.1987). The petitioner has exhausted his state court remedies when he has fairly presented the substance of his federal claims to the state courts in a procedurally correct manner. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir.2001). The petitioner has not presented his claims to the Louisiana state courts in a procedurally correct

manner. Therefore, the claims are not properly presented before this Court.

The State's final argument is that the Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971). A federal court should abstain if the issues presented by a pre-trial detainee may be resolved by trial or in a state court proceeding. *Dickerson*, 816 F.2d at 225. Skinner's successive habeas petition is barred under the doctrine of abstention.

Accordingly,

IT IS ORDERED that the petition for habeas corpus under 28 U.S.C. § 2241 filed by Bradford Skinner is DENIED WITH PREJUDICE.

New Orleans, Louisiana, this   3   day of   March   , 2014.

                                                                                       _____
                                                                                       UNITED STATES DISTRICT JUDGE